IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**KELSEY DUANE BRAGG**                                                                                  **PLAINTIFF**

v.                                              Case No. 3:21-cv-00074-LPR

**DAVID WEST**, *et al*.                                                                              **DEFENDANTS**

## ORDER

    Kelsey Duane Bragg is in custody at the Knox County, Illinois, Jail.  He filed this action *pro se*.  (Doc. 1).  He also filed an Application to Proceed Without Prepayment of Fees ("Application").  (Doc. 3).

    An inmate seeking *in forma pauperis* status must submit an "affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefore.  Such affidavit shall state the nature of the action . . . and affiant's belief that the person is entitled to redress."  28 U.S.C. § 1915(a)(1).  An inmate seeking *in forma pauperis* status also must submit a Calculation of Initial Payment of Filing Fee sheet, prepared and signed by an authorized official of the detention facility, and "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official" of the facility where the inmate is confined.  28 U.S.C. § 1915(a)(2).  Mr. Bragg did not submit the required certified calculation sheet and certificate.  Mr. Bragg's Application (Doc. 3) is incomplete and therefore denied.

    Mr. Bragg is directed to submit within thirty days of the date of this Order either the $402 filing fee[1] or a proper and complete Application, along with a calculation sheet and certificate

---

[1] Effective December 1, 2020, the cost for filing a new civil case is $402.  The increase is due to a new $52 administrative fee, which does not apply to persons granted *in forma pauperis* status under 28 U.S.C. § 1915.

signed by an authorized official of the facility in which he is incarcerated.  Mr. Bragg's failure to comply with this Order may result in the dismissal of his case without prejudice.  LOCAL RULE 5.5(c)(2).

IT IS THEREFORE ORDERED that:

1. Mr. Bragg's Application to Proceed Without Prepayment of Fees (Doc. 3) is DENIED.

2. The Clerk shall mail to Mr. Bragg an Application to Proceed Without Prepayment of Fees, including calculation sheet and certificate.

3. Mr. Bragg shall submit within thirty days of the date of this Order either: (1) the statutory filing fee of $402; or (2) a proper and complete Application to Proceed Without Prepayment of Fees.  Failure to do so may result in dismissal of this action without prejudice.[2]

DATED this 22nd day of April 2021.

                                                LEE P. RUDOFSKY
                                                UNITED STATES DISTRICT JUDGE

---

[2] Local Rule 5.5(c)(2) provides:
> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently.  A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.